**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. _________________ |
| BRIAN CROW, | : | |
| Defendant. | : | |

## COMPLAINT BY UNITED STATES FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY

AND NOW comes the United States of America, by its counsel, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Paul E. Skirtich, Assistant United States Attorney for said district, and files its original complaint to recover a monetary forfeiture penalty owed to the United States in the amount of $11,500.00 based on the following:

## INTRODUCTION

1. This civil action is brought by the United States under the Communications Act of 1934, 47 U.S.C. § 504(a), and Section 1.80 of the Federal Communications Commission ("FCC") rules, 47 C.F.R. § 1.80, to enforce a Forfeiture Order issued by the FCC on January 13, 2015.

2. Pursuant to the Forfeiture Order, the FCC assessed a monetary forfeiture penalty against Defendant Brian Crow ("Defendant") in the amount of $11,500.00 for violating Section 333 of the Communications Act, 47 U.S.C. § 333, and Sections 97.101(d) and 97.119(a) of the FCC rules, 47 C.F.R. §§ 97.101(d); 97.119(a).

3. The violations at issue involved Defendant's intentionally causing interference to licensed radio operations and failing to transmit his assigned call sign in the Amateur Radio Service.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1345, and 1355 and 47 U.S.C. § 504(a).

5. Defendant is a resident in the District of Western Pennsylvania, located at 12201 Longview Drive, Irwin, Westmoreland County, Pennsylvania 15642 (“Residence”).

6. Defendant operates an amateur radio from his residence in Irwin, Westmoreland County, Pennsylvania. *See Declaration of David C. Dombrowski*, Paragraph 3, attached hereto and marked as Exhibit A.

7. Venue is proper under 28 U.S.C. §§ 1355(b), 1391(b), 1395(a) and 47 U.S.C. § 504(a) because Defendant resides within this district, and the acts and/or omissions giving rise to this civil action occurred within this district.

## STATUTORY AND REGULATORY BACKGROUND

8. The FCC is an independent federal regulatory agency created by Congress to regulate intrastate, interstate, and foreign radio communications pursuant to the Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq*. (“Communications Act”).

9. No person shall willfully or maliciously interfere with or cause interference to any radio communications of any station licensed or authorized by or under this chapter or operated by the United States Government. 47 U.S.C. § 333.

10. Pursuant to Section 503(b) of the Communications Act, any person whom the FCC determines to have willfully or repeatedly failed to comply with the provisions of the Communications Act, any FCC rules, or orders issued by the FCC shall be liable to the United States for a forfeiture penalty. 47 U.S.C. § 503(b).

11. Section 312(f)(1) of the Communications Act, which applies to violations for which

forfeitures are assessed under Section 503(b), provides that the "term 'willful,' when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this Act or any rule or regulation of the Commission authorized by this Act." 47 U.S.C. § 312(f)(1).

12. Congress has decreed that forfeitures assessed by the FCC shall be "payable into the Treasury of the United States" and shall be "recoverable . . . in a civil suit in the name of the United States." 47 U.S.C. § 504(a).

13. "In determining the amount of . . . a forfeiture penalty, the Commission . . . shall take into account the nature, circumstances, extent and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and such other matters as justice may require." 47 U.S.C. § 503(b)(2)(E); *see also* 47 C.F.R. § 1.80(b)(8) & note.

## **THE VIOLATIONS**

14. At all times relevant to this Complaint, Defendant/Licensee has operated an Amateur Radio Station K3VR from his residence located at 12201 Longview Drive, North Huntingdon, Pennsylvania 15642 ("Residence"). *See* Exhibit A, generally.

15. On March 14, 2014, in response to several complaints of intentional interference from amateur licensees on the frequency 14.313 MHz, agents from the FCC's Enforcement Bureau's Philadelphia Office ("FCC Philadelphia Office") used radio direction finding techniques to positively identify the source of the transmissions to 12201 Longview Drive, North Huntingdon, Pennsylvania, the location of Defendant's amateur station K3VR. *See* Exhibit A, Paragraph 6.

16. On March 14, 2014, FCC agents monitored the transmissions emanating from Defendant's station for approximately three (3) hours in the morning and heard him transmit Slow-

Scan Television (SSTV) emissions and a prerecorded voice transmission of another amateur station on the frequency. *See* Exhibit A, Paragraphs 7, 8.

17. During this March 14, 2014 monitoring period, Defendant's transmissions prevented other amateur licensees from communicating over the frequency and Defendant did not transmit his assigned call sign. *See* Exhibit A, Paragraphs 8, 9.

18. The same day as the monitoring period, agents conducted an on-site inspection of Defendant's station and confirmed that Defendant was capable of operating on 14.313 MHz. *See* Exhibit A, Paragraph 10.

**NOTICE OF APPARENT LIABILITY FOR FORFEITURE**

19. On July 22, 2014, the FCC Philadelphia Office issued Defendant a Notice of Apparent Liability for Forfeiture ("Notice") in the amount of $11,500.00 for his apparent violations of Section 333 of the Communications Act, 47 U.S.C. § 333, and Sections 97.101(a) and 97.119(d) of the FCC rules, 47 C.F.R. §§ 97.101(a); 97.101(d), for intentionally causing interference to other amateur radio operators and failing to provide state identification. A copy of the Notice is attached as Exhibit B.

20. Pursuant to the Notice, Defendant was directed to either pay the full amount of the proposed forfeiture ($11,500.00) or file a written statement seeking reduction or cancellation of the proposed forfeiture within 30 days of the date of the Notice. Exhibit B at pg. 4.

21. Defendant neither paid the amount of the proposed forfeiture nor contacted the FCC Philadelphia Office as directed in the Notice or by any other means.

**THE FORFEITURE ORDER**

22. On January 13, 2015, the FCC issued a Forfeiture Order against Defendant in the amount of $11,500.00 for the violations set forth in the Notice. A copy of the Forfeiture Order is attached as Exhibit C.

23. The Forfeiture Order directed Defendant to make payment of the forfeiture amount within 30 days of the date the order. *Id.* at ¶ 4.

24. The FCC sent a copy of the Order to Defendant by Certified Mail Return Receipt Requested and U.S. First Class Mail. The copy of the Forfeiture Order that was sent by Certified Mail Return Receipt Requested was returned unclaimed; however, the copy that was sent by U.S. First Class Mail was not returned.

## DEMAND FOR PAYMENT

25. The Forfeiture Order provided that if Defendant did not pay the forfeiture within thirty (30) days, the case could be referred to the Department of Justice to enforce the forfeiture penalty.

26. On December 28, 2015, the FCC sent Defendant a letter demanding full payment of the forfeiture within thirty (30) days of the letter. A copy of the Demand Letter is attached as Exhibit C.

27. To date, Defendant has not paid the forfeiture.

## CLAIM FOR RELIEF

28. By reason of the foregoing, Defendant is liable to the United States for a forfeiture penalty under 47 U.S.C. § 503(b); 47 C.F.R. 1.80(a)(2).

WHEREFORE, Plaintiff United States of America respectfully requests that this Court enter a judgment in its favor and against Defendant Brian Crow as follows:

a. judgment in the amount of $11,500.00;

b. interest from the date of judgment at the legal rate in effect on the date of judgment under 28 U.S.C. § 1961.

c. costs and disbursements incurred by Plaintiff in this action; and

d. such other further relief that the Court may deem just and proper.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

By: */s/ Paul E. Skirtich*
Paul E. Skirtich
Assistant United States Attorney
U.S. Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
Tel.: (412) 894-7418
Fax: (412) 644-4549
Email: Paul.Skirtich@usdoj.gov
PA ID #30440