**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 17-595 |
| | ) | |
| v. | ) | CHIEF MAGISTRATE JUDGE |
| | ) | MAUREEN P. KELLY |
| BRIAN CROW, | ) | |
| | ) | |
| Defendant. | ) | (*Electronic Filing)* |

## ANSWER TO COMPLAINT

Brian Crow, Defendant in the above-captioned action ("Defendant Crow"), by his attorney Michael L. Glaser, for his Answer to Complaint by the United States of America for Recovery of Civil Monetary Forfeiture Penalty ("Complaint"), respectfully states the following:

### INTRODUCTION

1. Defendant Crow admits the allegations contained in paragraph number 1 of the Complaint.

2. Defendant Crow admits the allegations contained in paragraph number 2 of the Complaint.

3. Defendant Crow denies the allegations contained in paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. Defendant Crow admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant Crow denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant Crow denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant Crow admits the allegation contained in paragraph 7 of the Complaint.

## STATUTORY AND REGULATORY BACKGROUND

8. Defendant Crow admits the allegations contained in paragraph number 8 of the Complaint.

9. Defendant Crow admits the allegations contained in paragraph number 9 of the Complaint.

10. Defendant Crow admits the allegations contained in paragraph number 10 of the Complaint.

11. Defendant Crow admits the allegations contained in paragraph number 11 of the Complaint.

12. Defendant Crow admits the allegations contained in paragraph number 12 of the Complaint.

13. Defendant Crow admits the allegations contained in paragraph number 13 of the Complaint.

## THE VIOLATIONS

14. Defendant Crow denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant Crow denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant Crow denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant Crow denies the allegations contained in paragraph 17 of the Complaint

18. Defendant Crow denies the allegation contained in paragraph 18 of the Complaint.

## NOTICE OF APPARENT LIABILITY FOR FORFEITURE

19. Defendant Crow admits the allegations contained in paragraph 19 of the Complaint

20. Defendant Crow admits the allegations contained in paragraph 20 of the Complaint.

21. Defendant Crow admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant Crow admits the allegations contained in paragraph 22 of the Complaint.

## THE FORFEITURE ORDER

23. Defendant Crow admits the allegations contained in paragraph 23 of the Complaint.

24. Defendant Crow has insufficient information to form a belief as to the truth of the allegations asserted in paragraph 24 of the Complaint, and therefore denies the same.

## DEMAND FOR PAYMENT

25. Defendant Crow admits the allegations contained in paragraph 25 of the Complaint.

26. Defendant Crow denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant Crow admits the allegations contained in paragraph 27 of the Complaint.

## CLAIM FOR RELIEF

28. Defendant Crow denies the allegations contained in paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Federal Communications Commission's ("FCC") Notice of Apparent Liability issued against Defendant Crow on July 22, 2014 is arbitrary and capricious, and not based on facts sufficient to support Defendant Crow's alleged violations of Section 333 of the Communications Act of 1934, as amended, 47 C.F.R. §97.101(d) and 47 C.F.R. §97.119(a).

2. The FCC's Forfeiture Order is arbitrary and capricious, not based on facts sufficient to support Defendant Crow's alleged violations of Section 333 of the Communications Act of 1934, as amended, 47 C.F.R. §97.101(d), and 47 C.F.R. §97.119(a).

3. The FCC failed to follow 47 C.F.R. §97.23 in providing Defendant Crow with Notice of Violation.

4. The FCC failed to follow 47 C.F.R. §97.23 in providing Defendant Crow with Notice of Apparent Liability, and therefore, failed to accord Defendant Crow with notice and opportunity to be heard on the Notice of Apparent Liability.

5. The FCC failed to follow 47 C.F.R. §97.23 in providing Defendant Crow with the Forfeiture Order, and therefore, failed to accord Defendant Crow with notice and opportunity to be heard on the Forfeiture Order.

***WHEREFORE***, Defendant Brian Crow respectfully requests this Court to:

1. Deny the United States of America's Request for a Judgment in the amount of $11,500, and any interest from the date of judgment with the legal rate in effect on the date of judgment under 28 U.S.C. §1961; and
2. Find and conclude that Defendant Brian Crow is not liable for violation of Section 333 of the Communications Act of 1934, as Amended, and 47 C.F.R. §97.101(d) and 47 C.F.R. §97.119(a); and
3. Enter a judgment for Defendant Brian Crow; and
4. Award costs and fees to Defendant Brian Crow; and
5. Any other relief this Court deems just and fair.

DATED at Denver, Colorado this 29th day of December 2017.

Respectfully submitted,

*/s Michael L. Glaser*
MICHAEL L. GLASER #13861
Law Offices of Michael L. Glaser, LLC
1720 South Bellaire Street. Suite 607
Denver, Colorado 80222
303-757-1600
mglaser@glaserlegal.com
CO Bar No. 13681
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2017 I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court using the ECF system which will send electronic notification of such filing via the ECF system to all counsel of record.

*/s Pamela L. Laning*
Pamela L. Laning, Paralegal